IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | | |
|---|---|---|
| STEPHEN C. WALKER, PRO SE, | § | |
|    also known as | § | |
|    STEPHEN CLAYTON WALKER, | § | |
| TDCJ-CID No. 1417300, | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | 2:11-CV-0094 |
| | § | |
| MICHAEL D. SAVERS, | § | |
| JIMMY CORLEY, | § | |
| GRANDVILLE SANDERS, | § | |
| BRAD LIVINGSTON, | § | |
| SHAWN WATSON, | § | |
| RUSSELL BOCKMON, and | § | |
| OTHER UNKNOWN OFFICERS, | § | |
|     Defendants. | § | |

## REPORT AND RECOMMENDATION TO GRANT
## DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)

Before the Court for consideration is the February 15, 2012 motion to dismiss under

Rule 12 filed by defendants in the above-referenced and numbered cause. Plaintiff responded by

filing his Second Amended Complaint on February 24, 2012. The plaintiff had earlier moved to

dismiss the TEXAS DEPARTMENT OF CRIMINAL JUSTICE as a defendant in this cause on

August 3, 2011; and the motion was granted on January 4, 2012.

## RULE 12(b) MOTION TO DISMISS CONSTRUED AS
## MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

Defendants' Motion to Dismiss, as analyzed below, does not address all of plaintiff's

claims, specifically: (1) plaintiff's claims against individual defendants for monetary relief based

on claims of federal constitutional violations, (2) plaintiff's claims for future injunctive relief

against defendant LIVINGSTON based on claims of federal constitutional violations, and

(3) plaintiff's common law claims of negligence against defendants.  Therefore, the Magistrate Judge construes defendants' Motion to Dismiss as a request only for partial judgment on the pleadings.

## RULE 12(b) MOTION TO DISMISS

By their "Motion to Dismiss under Rule 12(b), defendants argue:  (1) Plaintiff's prosecution of claims under the Texas Tort Claims Act, Texas Civil Practices & Remedies Code Chapter 101, is barred by Eleventh Amendment immunity; and (2) plaintiff's prosecution of federal claims against defendants in their official capacity is barred by Eleventh Amendment immunity.

In response, plaintiff filed his "Second Amended Complaint" on February 24, 2012, adding BRAD LIVINGSTON as a defendant in his official capacity only, and clarifying that he is suing defendant SAVERS in his individual and his official capacities.  He states he is suing CORLEY, and SANDERS in their individual capacity only.  Plaintiff also adds new named defendants, SHAWN WATSON, RUSSELL BOCKMON, and "OTHER UNKNOWN OFFICERS," in their individual capacities.  Defendants have not objected to plaintiff's amendment.

## STANDARD OF REVIEW

Rule 12(b)(6) provides for dismissal of an action for failure to state a claim upon which relief can be granted.  Fed.R.Civ.P. 12(b)(6).  If the complaint lacks a required element which is a prerequisite to obtaining relief, dismissal is proper.  *Clark v. Amoco Prods. Co.*, 794 F.2d 967, 970 (5th Cir. 1986).  In reviewing a motion for 12(b)(6) dismissal, the court must consider all of plaintiff's well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004) (citing *Great Plains Trust Co. v. Morgan,*

*Stanley, Dean, Witter, & Co.*, 313 F3d 305, 312 (5th Cir. 2002).  "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Southern Christian Leadership Conference v. Supreme Court of the State of Louisiana*, 252 F.3d 781, 786 (5th Cir. 2001)(quoting *Fernandez-Montez v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993)).  All reasonable inferences must be drawn in favor of the plaintiff's claims.  *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

Dismissal for failure to state a claim does not require a determination that, beyond a doubt, the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).  Instead, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' " *Ashcroft v. Iqbal*, _____ U.S. _____, _____, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citation omitted).

Although a district court may not go outside the complaint, the Fifth Circuit has recognized one limited exception.  *Scanlan v. Texas A&M University*, 343 F.3d 533, 536 (5th Cir. 2003).  A district court may consider documents attached to a motion to dismiss if the documents are referred to in the plaintiff's complaint and are central to the plaintiff's claims.  *Id.* (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

## THE LAW AND ANALYSIS

### TEXAS TORT CLAIMS ACT

By his "Second Amended Complaint," it appears plaintiff appears to confine himself to common law negligence claims and to claims of a violation of his federal constitutional rights.  Nevertheless, plaintiff does include frequent mentions of the Texas Tort Claims Act by

referencing the "Tex. Civ. Prac. & Rem. Code 101.001 et seq."  Plaintiff does not explicitly

declare he is not attempting to assert claims under the Texas Tort Claims Act.

To the extent plaintiff still seeks to assert claims against the defendants under the Texas

Tort Claims Act, such claims are barred in federal court by the Eleventh Amendment.  *Pennhurst*

*State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).

The limited waiver of sovereign immunity for certain torts contained in the Texas Tort Claims

Act extends only to actions brought in state court.  *O'Rourke v. United States*, 298 F.Supp.2d 531,

536 . Tex. 2004).

**OFFICIAL CAPACITY CLAIMS**

In the body[1] of his "Second Amended Complaint," the only defendants plaintiff is suing in

their official capacity are defendant LIVINGSTON and defendant SAVERS.  Plaintiff requests

nominal, punitive, actual, compensatory, and other assorted monetary damages against these

defendants, as well as injunctive relief.  Eleventh Amendment immunity is an explicit

constitutional limitation on the federal judicial power, *Pennhurst State School & Hosp. v.*

*Halderman*, 465 U.S. 89, 98, 104 S.Ct. 900, 907, 79 L.Ed.2d 67, 77 (1984), and restricts federal

court jurisdiction in cases in which the state is the real party in interest.  *Hander v. San Jacinto*

*Junior College*, 519 F.2d 273, 278 (5th Cir. 1975).  A suit against an official in his official

capacity is actually a suit against the state.  *Hafer v. Melo*, 502 U.S. 21, 112 S.Ct. 358, 361-62,

116 L.Ed.2d 301 (1991); *Sanders v. English*, 950 F.2d 1152, 1158 (5th Cir. 1992).  The state  is

not a "person" within the meaning of section 1983.  *Will v. Michigan Dept. of State Police*, 491

U.S. 58, 65-66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989).  Consequently, except to the extent

plaintiff seeks future injunctive relief, his action against defendant LIVINGSTON in his official

---

[1]Plaintiff's style is misleading and seems to indicate only LIVINGSTON is sued in his official capacity.

capacity, pursuant to *Ex Parte Young*, 209 U.S. 123, 159-60, 28 S.Ct. 441, 453-54, 52 L.Ed. 714 (1908), is foreclosed by the Eleventh Amendment, as is plaintiff's request for monetary relief against defendant SAVERS.

## CONCLUSION

For the reasons set forth above, it is the Opinion of the Magistrate Judge and RECOMMENDATION to the United States District Judge that defendants' motion to dismiss be GRANTED; that any claims asserted under the Texas Tort Claims Act be DISMISSED WITH PREJUDICE; that all claims for relief except those for future injunctive relief, which are asserted against defendant LIVINGSTON be DISMISSED WITH PREJUDICE; and that plaintiff's claims for monetary relief against defendant SAVERS in his official capacity be DISMISSED WITH PREJUDICE.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 16th day of April, 2012.


CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).